```
 1              IN THE UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF ARKANSAS
 2                       WESTERN DIVISION

 3

 4   UNITED STATES OF AMERICA,

 5                  Plaintiff,     No.  4:02CR00126-SWW

 6
     v.
 7

 8   JOSEPH CRANFORD,              Thursday, March 13, 2003
                     Defendant.    Little Rock, Arkansas
 9                                 9:20 a.m.

10

11           TRANSCRIPT OF CHANGE OF PLEA HEARING
          BEFORE THE HONORABLE SUSAN WEBBER WRIGHT,
12              UNITED STATES DISTRICT JUDGE

13
     APPEARANCES:
14
     On Behalf of the Plaintiff:
15
        MS. JANE W. DUKE, Assistant United States Attorney
16         United States Attorney's Office
           Eastern District of Arkansas
17         Post Office Box 1229
           Little Rock, Arkansas 72203-1229
18

19   On Behalf of the Defendant:

20      MR. J. FRED HART, Attorney at Law
           Post Office Box 56363
21         Little Rock, Arkansas  72214-6363

22
     Defendant present
23

24
         Proceedings reported by machine stenography; transcript
25   prepared utilizing computer-aided transcription.
```

Elaine Hinson, RMR, CRR, CCR
United States Court Reporter

```
1                    P R O C E E D I N G S
2           THE COURT:  Good morning.
3           MS. DUKE:  Good morning.
4           MR. HART:  Good morning, Judge.
5           THE COURT:  This is a hearing in the United States
6    versus Joseph Cranford.  Let the record reflect that Mr.
7    Cranford is here with his attorney, Mr. Fred Hart.  And the
8    government is represented by Ms. Jane Duke.
9        Ms. Duke, would you please introduce to the Court the
10   gentleman at your table.
11          MS. DUKE:  This is Special Agent Boyd Boshears with
12   the Federal Bureau of Investigation.
13          THE COURT:  Good morning, Mr. Boshears.
14       I would like for Mr. Cranford and Mr. Hart to come forward.
15   You can stand at the lectern.  And the clerk will swear Mr.
16   Cranford.
17       (Defendant sworn.)
18          THE COURT:  Mr. Cranford, do you understand that you
19   need to answer my questions truthfully or you could later be
20   prosecuted for perjury or making a false statement?
21          THE DEFENDANT:  Yes, ma'am.
22          THE COURT:  Would you state your full name.
23          THE DEFENDANT:  Joseph Junior Cranford.
24          THE COURT:  Joseph Junior Cranford?
25          THE DEFENDANT:  Yes, ma'am.
```

1       THE COURT:  All right.  And your age?
2       THE DEFENDANT:  Twenty-three.
3       THE COURT:  And how far did you go in school?
4       THE DEFENDANT:  Well, I went to the twelfth, but I
5  didn't get my diploma.
6       THE COURT:  You went to the twelfth, but you didn't
7  graduate?  Is that right?
8       THE DEFENDANT:  Yes, ma'am.
9       THE COURT:  Now, can you tell me whether you're
10 currently under the influence of any drugs or medication or
11 alcoholic beverage or anything which could impair your ability
12 to understand this proceeding?
13      THE DEFENDANT:  No, ma'am.
14      THE COURT:  Mr. Hart, are you confident that Mr.
15 Cranford is competent to proceed?
16      MR. HART:  Yes, Your Honor.
17      THE COURT:  And the Court finds that he is competent.
18    Mr. Cranford, have you received a copy of the indictment
19 pending against you, or have you read the indictment pending
20 against you?
21      THE DEFENDANT:  Yes, ma'am.
22      THE COURT:  And have you had an opportunity to discuss
23 these charges with your attorney, Mr. Hart?
24      THE DEFENDANT:  Yes, ma'am.
25      THE COURT:  And are you fully satisfied with his

1  advice?

2            THE DEFENDANT: Yes, ma'am.

3            THE COURT: Have you had an opportunity to discuss
4  with him the prospect of pleading guilty?

5            THE DEFENDANT: Yes, ma'am.

6            THE COURT: And are you fully satisfied with his
7  advice and counsel?

8            THE DEFENDANT: Yes, ma'am.

9            THE COURT: I'm going to ask the two of you now to
10 stand aside, or you can go back to counsel table if you'd like,
11 because I'll ask Ms. Duke to come forward and describe to the
12 Court the terms of the plea agreement.

13           MS. DUKE: Your Honor, under the plea agreement that
14 has been signed by the parties, the defendant will enter a
15 guilty plea to a violation of Title 18, United States Code,
16 Section 2113(a), as set forth in Count 1 of the indictment.

17     Upon the Court's acceptance of his guilty plea to Count 1,
18 the government will move for dismissal of the charges in Count 2
19 of the indictment.

20     The parties have further stipulated that the defendant
21 shall receive a three-level reduction for acceptance of
22 responsibility as long as he does not engage in inconsistent
23 conduct prior to sentencing.

24     He will also receive a five-level enhancement for the
25 possession and brandishment of a firearm during the commission

1   of the offense, and he will receive a two-level enhancement for
2   obstruction of justice.
3           Finally, the parties have stipulated that the amount of
4   loss for purposes of sentencing and restitution is $3,647.
5           In addition to those stipulations, the defendant has agreed
6   to truthfully provide information to the probation office as
7   required for the preparation of the presentence report.
8           In the plea agreement, the defendant understands that the
9   sentence that he will receive is subject to the sentencing
10  guidelines and that the Court is not bound by the stipulations
11  that the parties have entered into.
12          The United States Attorney's Office for the Eastern
13  District of Arkansas agrees to bring no further charges against
14  the defendant for any conduct related to the charges contained
15  in the indictment.
16          Aside from that, Your Honor, the plea agreement is our
17  standard plea agreement.  And I'll be glad to elaborate on it if
18  the Court wishes.
19              THE COURT:  I want to ask one thing for the record.  I
20  know that the Court made an adverse ruling in this defendant's
21  motion to suppress.  Is this a conditional guilty plea?
22              MS. DUKE:  This is an unconditional guilty plea.
23              THE COURT:  Under Rule 11.  All right.
24      Mr. Cranford, will you and Mr. Hart please come forward
25  once again.

1    Now, Mr. Cranford, you've heard what Ms. Duke has said
2    concerning the terms of this plea agreement.  Are these the
3    terms of the agreement as you understand it?
4         THE DEFENDANT:  Yes, ma'am.
5         THE COURT:  Has anyone made any other or different
6    promise or assurance to you of any kind in an effort to get you
7    to plead guilty?
8         THE DEFENDANT:  No, ma'am.
9         THE COURT:  Has anyone tried in any way to force you
10   to plead guilty?
11        THE DEFENDANT:  No, ma'am.
12        THE COURT:  Do you understand that the offense to
13   which you're pleading is a felony?
14        THE DEFENDANT:  Yes, ma'am.
15        THE COURT:  And if your plea is accepted, you will be
16   adjudged guilty of it?
17        THE DEFENDANT:  Yes, ma'am.
18        THE COURT:  And that such adjudication may deprive you
19   of valuable civil rights, such as the right to vote, the right
20   to hold public office, the right to serve on a jury, and the
21   right to possess any kind of firearm?
22        THE DEFENDANT:  Yes, ma'am.
23        THE COURT:  Do you understand that you have a right to
24   plead not guilty?  And if you do that, the government must prove
25   beyond a reasonable doubt that you committed the offense

1  alleged?
2          THE DEFENDANT:  Yes, ma'am.
3          THE COURT:  And that you would have the right to an
4  attorney and to a trial by jury?
5          THE DEFENDANT:  Yes, ma'am.
6          THE COURT:  And you would have the right to
7  cross-examine witnesses against you and to call witnesses in
8  your own behalf?
9          THE DEFENDANT:  Yes, ma'am.
10         THE COURT:  And you would not be required to testify
11 against yourself?
12         THE DEFENDANT:  Yes, ma'am.
13         THE COURT:  Do you understand that by entering a plea
14 of guilty, that if the plea is accepted by the Court, there will
15 be no trial and you will have waived or given up your right to a
16 trial as well as the other rights associated with the trial that
17 I just described?
18         THE DEFENDANT:  Yes, ma'am.
19         THE COURT:  Now, for Count 1, you are charged with
20 bank robbery.  The maximum statutory term of imprisonment is 25
21 years.  Do you understand that?
22         THE DEFENDANT:  Yes, ma'am.
23         THE COURT:  And the maximum fine is $250,000.  Do you
24 understand that?
25         THE DEFENDANT:  Yes, ma'am.

1   THE COURT: Do you also understand that your sentence
2   will include a term of supervised release following imprisonment
3   and, if you violate the terms of your supervised release, the
4   Court may revoke supervised release and sentence you to serve
5   additional time in prison?
6   THE DEFENDANT: Yes, ma'am.
7   THE COURT: And if this happens, your term of
8   imprisonment, alone or in conjunction with your supervised
9   release, may exceed the statutory maximum?
10   THE DEFENDANT: Yes, ma'am.
11   THE COURT: Do you also understand that the Court must
12   require you to pay restitution to any victim of your offense?
13   THE DEFENDANT: Yes, ma'am.
14   THE COURT: And that you must also pay a $100 special
15   assessment for each count of conviction? In your case that
16   would be $100.
17   THE DEFENDANT: Yes, ma'am.
18   THE COURT: And Ms. Duke, is the government asking the
19   Court for any forfeitures in this case?
20   MS. DUKE: No, Your Honor.
21   THE COURT: All right. Now, do you understand all of
22   these possible consequences of your guilty plea, Mr. Cranford?
23   THE DEFENDANT: Yes, ma'am.
24   THE COURT: Under the Sentencing Reform Act of 1984,
25   the United States Sentencing Commission has issued guidelines

1  for judges to follow in determining the sentence in a criminal
2  case.  I know you must be aware of the guidelines, because there
3  are references to those guidelines in the plea agreement.
4              THE DEFENDANT:  Yes, ma'am.
5              THE COURT:  But do you understand that the Court will
6  not be able to determine the guideline sentence for your case
7  until after the presentence investigation report has been
8  completed and you and the government have had an opportunity to
9  challenge the facts reported in the report?
10             THE DEFENDANT:  Yes, ma'am.
11             THE COURT:  Do you also understand that after it has
12 been determined what guideline applies in your case, the judge
13 has authority in some circumstances to impose a sentence that is
14 more severe or less severe than that called for by the
15 guidelines?
16             THE DEFENDANT:  Yes, ma'am.
17             THE COURT:  Do you understand that under some
18 circumstances you or the government may have the right to appeal
19 the sentence I impose?
20             THE DEFENDANT:  Yes, ma'am.
21             THE COURT:  Do you understand that parole has been
22 abolished and if you're sentenced to prison you will not be
23 released on parole?
24             THE DEFENDANT:  Yes, ma'am.
25             THE COURT:  Do you understand that if the sentence is

1  more severe than you expected, you will still be bound by the
2  guilty plea and will have no right to withdraw it?
3           THE DEFENDANT:  Yes, ma'am.
4           THE COURT:  Now, I would like for Ms. Duke once again
5  to come forward and state the facts that the government would be
6  prepared to prove at trial.
7           MS. DUKE:  Your Honor, if this case proceeded to
8  trial, the government would be prepared to prove that on
9  December 1, 2000, at 10:30 a.m., the Pine State Bank in New
10 Edinburg, Arkansas, was robbed of $3,647.  The bank was FDIC
11 insured at the time.
12      Surveillance revealed that a lone robber brandished a
13 pistol at the teller on duty, Ms. Karen Wisecarver.  The robber
14 had a mask over his face, and Ms. Wisecarver could identify him
15 as a black male in his early twenties, approximately 5'8" to
16 5'10," at 150 pounds.  The robbery was also recorded on the
17 bank's video surveillance.
18      Around the time of the robbery, a witness saw Joseph
19 Cranford running from the area of the bank to a brown car.
20 Other witnesses saw Joseph Cranford driving a brown Buick Regal
21 on the morning of the robbery in the New Edinburg area.  This
22 car was owned by Scott Pressfield, the defendant's cousin.
23      When questioned about the bank robbery, Joseph Cranford
24 gave a false alibi about being in Conway and Little Rock on the
25 day and time of the robbery.  This alibi was shown to be false

through several witness interviews.  Joseph Cranford later admitted to at least two individuals that he did in fact rob the Pine State Bank on December 1, 2000.  Those two witnesses would testify at trial.  One statement made by Mr. Cranford was recorded on audiotape and would be presented as evidence at trial.  Witnesses would also testify that Joseph Cranford did own a gun similar to the one as described by the bank teller that was used during the robbery.

And finally, the evidence would be that Joseph Cranford attempted on several occasions to get an individual named Jonelle Jenkins to provide a false alibi for him during the time period of the bank robbery.

THE COURT:  All right.  Mr. Cranford and Mr. Hart, please come forward again.

Mr. Cranford, you have heard what Ms. Duke has stated concerning your activity as related in Count 1 of the indictment.  Is what she stated substantially correct?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  The Court finds that -- and how do you plead, by the way?

THE DEFENDANT:  Guilty.

THE COURT:  The Court finds that you actually committed this offense as charged in Count 1 of the indictment and that you are entering the guilty plea voluntarily with full knowledge of the consequences, and therefore I'll accept the

1  guilty plea.
2       And Ms. Duke, now you may ask the Court to dismiss Count 2.
3            MS. DUKE:  Your Honor, we request the Court to dismiss
4  Count 2 of the indictment.
5            THE COURT:  Count 2 is hereby dismissed in accordance
6  with the Rules of Criminal Procedure.
7       And now, Mr. Cranford, I'll refer you to the probation
8  office for the preparation of the presentence report.  Ms. Wade
9  is here.
10      Ms. Wade, are you going to be writing this report?
11           PROBATION OFFICER WADE:  Yes, Your Honor.
12           THE COURT:  And I would recommend that you keep Mr.
13 Hart with you during this initial interview at least and at any
14 other subsequent time.  Do what Mr. Hart advises with respect to
15 having him with you during the interviews at the probation
16 office.
17           MR. HART:  Thank you, Judge.
18           THE COURT:  And of course, it is very important that
19 you be truthful with the probation office.  That will serve you
20 well at sentencing if you are truthful with them.
21           THE DEFENDANT:  Yes, ma'am.
22           THE COURT:  Are there any other matters that need to
23 be brought to the attention of the Court at this time, Ms. Duke?
24           MS. DUKE:  Your Honor, we would just request that the
25 plea agreement be filed with the Court.

1      THE COURT:  All right.  The plea agreement will be
2  filed.
3      And Mr. Hart, I don't set sentencing dates at the guilty
4  plea stage, because it will be at least 45 days.
5      MR. HART:  Yes, Your Honor.
6      THE COURT:  It's just too far in advance.  We do for
7  setting trials, but not for short things.
8      MR. HART:  Thank you, Judge.
9      THE COURT:  Thank you.  And if there's nothing more,
10  you can be excused.
11      (Proceedings concluded at 9:33 a.m.)
12                TRANSCRIBER'S CERTIFICATE
13      I certify that the foregoing is a true and correct
14  transcript of the stenographic notes provided to me by Lois
15  Lambert of the proceedings taken on the date and time previously
16  stated in the above matter.
17
18  /s/Elaine Hinson, RMR, CRR, CCR      Date:  February 7, 2012
19  United States Court Reporter
20
21
22
23
24
25